10-1987-ag
Skrelja v. Holder
BIA
Elstein, IJ
A095 429 678

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand twelve.

PRESENT:
>           JON O. NEWMAN,
>           RALPH K. WINTER,
>           ROSEMARY S. POOLER,
>                   *Circuit Judges.*

_____

DJERDJA SKRELJA,
>           *Petitioner,*

>           v.                                          10-1987-ag
>                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:          Linda C. Flanagan, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Matthew A. Spurlock, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Djerdja Skrelja, a native and citizen of the former Yugoslavia, seeks review of an April 22, 2010, order of the BIA denying his motion to reconsider, and affirming the April 30, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein, which designated the Republic of Montenegro as the country of removal, and of the August 15, 2007, BIA order affirming the IJ's July 21, 2005, denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Djerdja Skrelja*, No. A095 429 678 (B.I.A. Apr. 22, 2010), *aff'g* No. A095 429 678 (Immig. Ct. N.Y. City Apr. 30, 2008); *In re Djerdja Skrelja*, No. A095 429 678 (B.I.A. Aug. 15, 2007), *aff'g* No. A095 429 678 (Immig. Ct. N.Y. City July 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See*

8 U.S.C. § 1252(b)(4)(B); *see also Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007).

## I. Country of Removal

We review the agency's designation of a country of removal for abuse of discretion.  *See Linnas v. INS*, 790 F.2d 1024, 1031 (2d Cir. 1986).  The agency did not abuse its discretion in ordering Skrelja removed to Montenegro. When, as in this case, an alien declines to designate a country of removal, the Attorney General is authorized to remove him to a country of which he is a "subject, national, or citizen."  8 U.S.C. §§ 1231(b)(2)(A), (D).  Skrelja declined to designate a country of removal, and he is not clearly a subject, national, or citizen of any country, as his country of citizenship, Yugoslavia, no longer exists. Where an alien is not removable under 8 U.S.C. §§ 1231(b)(2)(A) or (D), the Attorney General is authorized to remove the alien to any of the following countries:

> (I) The country from which the alien was admitted to the United States.
>
> (ii) The country in which is located the foreign port from which the alien left for the United States or for a foreign territory contiguous to the United States.

> (iii) A country in which the alien resided before the alien entered the country from which the alien entered the United States.
>
> (iv) The country in which the alien was born.
>
> (v) The country that had sovereignty over the alien's birthplace when the alien was born.
>
> (vi) The country in which the alien's birthplace is located when the alien is ordered removed.
>
> (vii) If impracticable, inadvisable, or impossible to remove the alien to each country described [above], another country whose government will accept the alien into that country.

8 U.S.C. § 1231(b)(2)(E). Skrelja indicated in his asylum application, and testified before the IJ, that he was born in Bar, Montenegro. Consequently, the agency's designation of Montenegro as the country of removal was not an abuse of discretion, and Skrelja's argument that he is not clearly a citizen of Montenegro is not dispositive, as an alien need not be a citizen of a country to be removed to that country. *See* 8 U.S.C. § 1231(b)(2)(E)(vi); *Linnas*, 790 F.2d at 1031; *see also Jama v. ICE*, 543 U.S. 335, 341-42 (2005).

**II. Asylum and Withholding of Removal**

Skrelja argues that he was persecuted when he was forced to join the military and witness the murder of civilians, and that this persecution was on account of his Albanian ethnicity. However, compulsory military service

4

alone generally does not provide asylum seekers with adequate cause for claiming persecution. *See Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir. 2005). Furthermore, the agency did not err in collectively addressing the harassment described by Skrelja and finding that it was insufficiently severe to constitute persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006)(to constitute persecution, harm must be sufficiently severe, rising above "mere harassment"). Skrelja's experiences, while unfortunate, were similar to that which might be experienced by any combat soldier, and, to the extent Skrelja was treated differently because of his ethnicity, the differing treatment constituted only discrimination, and did not amount to persecution. *See id.*

Skrelja also claims a well-founded fear of future persecution, based on his decision to flee Yugoslavia in 1998, rather than face conscription and serve in the army again. While refusing to serve in a military campaign "widely condemned by the international community as contrary to the basic rules of human conduct" may provide a basis for asylum, country conditions have fundamentally changed in Montenegro such that Skrelja cannot establish a well-founded fear of return to that country. *See Islami*, 412 F.3d at

5

396-98 (internal quotation marks omitted). As shown in the record, Montenegro is now an independent country, and the former Serbia Montenegro, even prior to Montenegro's independence, had granted amnesty to draft evaders. Furthermore, record evidence indicates that in the current Montenegro, ethnic Albanians participate in the political process and have seats set aside by law in the Assembly.

As a result, country conditions have fundamentally changed in Montenegro such that Skrelja cannot establish a well-founded fear of return to that country. *See id.* Because Skrelja was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk